1

2

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

4

5

MICHAEL GRASSMUECK, Federal Equity
Receive for Health Maintenance Centers, Inc.;
Znetix, Inc.; Cascade Point of Arizona, LLC; and
Cascade Pointe of Nevis, LLC,

NO. C04-2016P

6

7

Plaintiff,

v.

8

9

10

JEFFREY M. BENSKY, an individual; DANIEL
L. LYNCH, an individual; DON ARTHUR, an
individual; FRANK J. ANCHARSKI, an
individual; JAMES M. RIPPE, M.D., an
individual,

ORDER ON DEFENDANT DANIEL
LYNCH'S MOTION TO DISMISS
FOR INSUFFICIENCY OF SERVICE
OF PROCESS AND LACK OF
PERSONAL JURISDICTION

11

Defendants.

12

13

14

15

16

17

This matter comes before the Court on Defendant Daniel Lynch's Motion to Dismiss for Insufficiency of Service of Process and Lack of Personal Jurisdiction.  (Docket No. 50).  Having reviewed all of the pleadings and supporting documents, the Court DENIES Defendant's motion in part, and GRANTS Plaintiff 10 days to file supplemental responsive briefing on the issue of personal jurisdiction.

18

19

20

21

22

Defendant is correct that valid service of process was not made until a few days after the deadline set forth in Fed. R. Civ. Pro. 4(m), but this Court finds good cause for the minor delay.  Furthermore, the manner in which service was made was proper under Fed. R. Civ. Pro. 4(e).  With respect to personal jurisdiction, however, the Court directs Plaintiff to file supplemental briefing because Defendant did not raise the issue until his Reply brief.

23

24

25

26

ORDER ON DEFENDANT LYNCH'S MOTION TO DISMISS - 1

**Background**

This case is the latest of several similar cases involving transfers of funds from the now dissolved Znetix, Inc. to other corporations and individuals.  Plaintiff is an Equity Receiver appointed by this Court for Znetix, Health Maintenance Centers, Inc., and other corporations.  (Complaint, ¶ 1). In the instant case, Plaintiff brings claims of fraudulent conveyance and unjust enrichment against individuals who controlled TBG Development, Inc., a St. Louis, Missouri corporation.  (Id. at ¶¶ 26-34).  These claims are based on transfers from Znetix to TBG Development and Defendant Jeffrey M. Bensky, which Plaintiff alleges were made to purchase illusory assets of TBG Development.  (Id. at ¶¶ 19-23).  Defendant Lynch is alleged to have shared in these ill-gotten gains.  (Id. at ¶ 5).

Plaintiff filed the complaint on September 24, 2004, and initially sought to serve Lynch on December 10, 2004.  (Plaintiff's Opposition at 2-3).  However, due in part to the fact that the Receiver's documents did not contain an address for Lynch, the December 10 service was erroneously made on a party unrelated to this case.  (Id. at 2).  Upon learning of the error, Plaintiff engaged a private investigator and obtained an address for Defendant at 400 Cyrus Field Drive in Irvington, New York.  (Id. at 3).  This address happened to be the home that Defendant shared with his ex-wife, and which he has been required to stay away from since 2003 pursuant to a protection order.  (Defendant's Opening Brief at 5).  Unaware of this, Plaintiff made substitute service on a young woman at 400 Cyrus Field Drive on January 7, 2005, and subsequently mailed a copy on January 10.  (Plaintiff's Opposition at 3).

On January 25, 2005, one day after the deadline, Plaintiff's attorneys received a phone call from Lynch's ex-wife.  (Id. at 4).  She told them that he did not live at 400 Cyrus Field Drive anymore, and provided possible addresses.  (Id.).  Plaintiff thereafter sought to serve Lynch several times at his correct address at 26 South Dutcher Street in Irvington.  (Id.).  These attempts started on January 28, and continued daily until service was finally made on February 1.  (Id.).  On that day, service was made on Lynch's upstairs neighbor Mr. Bill Belchou, a 36 year-old man who answered

ORDER ON DEFENDANT LYNCH'S MOTION TO DISMISS - 2

1   questions regarding Defendant's military status.  (Id.).  Meanwhile, Defendant Lynch had already filed

2   his notice of special appearance in this case on January 31, because he had actual notice of the

3   pendency of this suit from one of the co-defendants.  (Defendant's Opening Brief at 2-3).

4                                          **Analysis**

5         Defendant argues first that the service on his upstairs neighbor Mr. Belchou was invalid

6   because the process server did not subsequently mail a copy of the summons and complaint in

7   accordance with New York Civil Practice Law and Rules § 308(2).  (Defendant's Opening Brief at 6).

8   Defendant has misunderstood the Federal Rules of Civil Procedure, which are the rules that govern

9   this case.

10        Rule 4(e) provides that service may be made in any judicial district of the United States, either

11  (1) pursuant to the law of the state in which the district court sits, or (2) by personal service or

12  substitute service on a person of suitable age and discretion who resides at the defendant's place of

13  usual abode.  Here, service was proper under both subsections.

14        First, the service was valid under Washington law because it complied with Washington's

15  service of process statute, RCW 4.28.080.  It provides for substitute service by leaving a copy of the

16  summons and complaint at the defendant's house of usual abode with a person of suitable age and

17  discretion.  RCW 4.28.080(15).  Defendant Lynch's upstairs neighbor Mr. Belchou is 36 years old and

18  he answered questions about Lynch's military status.  Lynch has not contested that Belchou is of

19  suitable age and discretion; these facts show that he is, and that the substitute service was valid.  See

20  Miebach v. Colasurdo, 35 Wn. App. 803, 808, 670 P.2d 276 (1983) (holding that a 15 year-old foster

21  daughter was of suitable age and discretion because she was "familiar with the court system" and there

22  was testimony that she could read).

23        Likewise, the service was valid under Rule 4(e)(2) because that subsection is very similar to

24  the Washington statute, and Mr. Belchou is a person of suitable age and discretion within the meaning

25  of that rule as well.  See Blue Cross and Blue Shield of Michigan, 109 F.R.D. 669, 671 (E.D. Mich.

26  ORDER ON DEFENDANT LYNCH'S MOTION TO DISMISS - 3

1   1986) (17 year-old son was of suitable age and discretion because he was literate and there was no

2   evidence that he was unable to comprehend the papers).

3       Defendant next argues that service was defective because it did not occur until after the

4   deadline set forth in Rule 4(m).  (Defendant's Opening Brief at 4).  While this is true, Plaintiff is

5   correct that "Rule 4(m) is not the inflexible 'statute of limitations' that Lynch represents and hopes it

6   to be."  (Plaintiff's Opposition at 7).

7       Rule 4(m) requires service to be made within 120 days after the complaint is filed, and if it is

8   not, the court may either dismiss, order service to be made within a specified time, or extend the time

9   for service if good cause is shown.  District courts generally inquire (1) whether good cause exists for

10  extension, and, (2) if not, whether the court may, in its discretion, extend the time period anyway.  In

11  re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).  With regard to good cause, "at a minimum, [it] means

12  'excusable neglect.'"  Id., quoting Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991).

13      Concerning the discretionary extension of time, the Ninth Circuit has found it "unnecessary to

14  articulate a specific test," but has instead noted simply that the discretion is broad.  Sheehan, 253 F.3d

15  at 513.  Indeed, district courts have broad discretion to extend time for service even without a

16  showing of good cause, and they may even do so retroactively.  United States v. 2,164 Watches, 366

17  F.3d 767, 772 (2004) (9th Cir. 2004).

18      Defendant is correct that valid and effective service was not made until eight days after the

19  120-day deadline, but this Court finds good cause for the delay because Plaintiff's attorneys obtained

20  limited information and did the best they could with what they had.  Moreover, Plaintiff's attorneys

21  twice believed they had completed service, and twice undertook diligent efforts to locate and serve

22  Defendant upon learning otherwise:  they hired a private investigator after the erroneous service on a

23  non-party, and then attempted service several days in a row after Defendant's ex-wife provided his

24  correct address.  (Plaintiff's Opposition at 3).  These efforts, in light of the briefness of the delay as

25  well as Defendant's admission that he had actual notice, convince this Court that Defendant has

26  ORDER ON DEFENDANT LYNCH'S MOTION TO DISMISS - 4

1    suffered no prejudice.  See, e.g., Geller v. Newell, 602 F.Supp. 501, 502 (S.D.N.Y. 1984) (brief

2    delay); Justice v. Lyng, 716 F.Supp. 1567, 1570 (D. Ariz. 1988) (actual notice).

3         Defendant also contests personal jurisdiction.  (Defendant's Reply at 7-11).  He argues that,

4    under International Shoe v. Washington, 326 U.S. 310 (1945), he does not have the minimum contacts

5    with Washington State required to support jurisdiction because he has never lived or worked here and

6    he has never purposefully availed himself of the benefits and protections of Washington law.  (Id. at 8-

7    10).  He also argues that, given the parties' relative financial circumstances, it would be unreasonable

8    to subject him to jurisdiction in this forum.  (Id. at 11).  However, Defendant Lynch did not raise the

9    personal jurisdiction issue until his Reply.  For this reason, the Court grants Plaintiff 10 days from the

10   date of this Order to file a supplemental responsive brief (not to exceed six pages).

11                                **Conclusion**

12        Defendant has misunderstood the technical requirements of the Rules of Civil Procedure, and

13   service of process was valid and effective under Rule 4(e) on February 1, 2005.  The usual deadline of

14   120 days under Rule 4(m) is also extended retroactively because this Court finds good cause for the

15   minor delay in effective service.  Therefore, this Court, having considered all the pleadings and all

16   exhibits and declarations attached thereto, makes the following ruling:

17        IT IS HEREBY ORDERED that Defendant Daniel Lynch's motion to dismiss is DENIED in

18   part as to the sufficiency of service process, and Plaintiff is GRANTED 10 days to file supplemental

19   briefing with this Court regarding personal jurisdiction over the Defendant.

20        The clerk is directed to provide copies of this order to all counsel of record.

21        Dated:  February 22, 2006

22

23                                   Marsha J. Pechman
                                     U.S. District Judge

24

25

26   ORDER ON DEFENDANT LYNCH'S MOTION TO DISMISS - 5