UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GRASSMUECK,

                    Plaintiff(s),

          v.

BENSKY, et al.,

                    Defendant(s).

NO. C04-2016P

ORDER ON DEFENDANT LYNCH"S
(1) MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION
 (2) MOTION FOR PROTECTIVE
ORDER

The above-entitled Court, having received and reviewed:

1.       Defendant Lynch's Reply in Support of Motion to Dismiss with Prejudice for: Adequacy of

         Service/Personal Jurisdiction

2.       Plaintiff's Supplemental Brief in Opposition to Motion to Dismiss of Daniel Lynch

3.       Motion for Protective Order Halting Discovery From Defendant Daniel J. Lynch

and all exhibits and declarations attached thereto, makes the following ruling:

         IT IS HEREBY ORDERED that the motion to dismiss for lack of personal jurisdiction is

DENIED.

         IT IS FURTHER ORDERED that the motion for protective order halting discovery is

DENIED.

**Discussion**

Motion to Dismiss

         Defendant Lynch filed a Motion to Dismiss with Prejudice for: Adequacy of Service/Personal

Jurisdiction (Dkt. No. 50).  The Court has already ruled on the portion of his motion concerning the

adequacy of service and has denied his request to dismiss on those grounds (Dkt. No. 56); however,

**ORD ON DEF
LYNCH'S MTNS - 1**

1   Plaintiff was given an additional 10 days to respond to Defendant Lynch's arguments regarding lack of

2   personal jurisdiction as those arguments were not raised until his reply brief.  The Court has read and

3   reviewed all the briefing on the issue of personal jurisdiction and finds good cause to exercise personal

4   jurisdiction over Defendant Lynch.

5        The Receiver seeks, by virtue of this lawsuit, to recover the allegedly fraudulent proceeds of

6   transactions between the receivership company Znetix and Defendant Lynch's former employer, TBG

7   Development, LLC ("TBGD").  Plaintiff alleges that Lynch, a former officer of TBGD, held a 16%

8   interest in the company and profited from its sale.  For his part, Defendant Lynch alleges that, at the

9   time of the purchase in August 2000, he had left TBGD for other employment (for which he provides

10  evidence of his hiring).

11       Where the court has received and considered affidavits and/or other discovery materials, a

12  plaintiff need only demonstrate a prima facie showing of jurisdictional facts to avoid dismissal for lack

13  of personal jurisdiction.  *See* Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir.

14  1977).  Unless directly contravened, the non-moving party's version of the facts is assumed to be true,

15  and conflicts between the facts are resolved in that party's favor.  Harris Rutsky & Co. Ins. Services,

16  Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).

17       Defendant Lynch argues that, prior to the sale of TBGD, he had become a "minor member" of

18  the company with no authority to agree or disagree to its sale and that by the date of the sale he was

19  no longer working for TBGD and therefore he is immune from prosecution in this lawsuit.  What

20  Defendant Lynch never controverts, however, is that he was an officer of TBGD and that he received

21  proceeds from the sale of the company.  It is not necessary that he have negotiated or even signed the

22  purchase agreement which resulted in the proceeds – Plaintiff has made a prima facie showing that, as

23  a principal of the purchased entity, he ratified the actions of the company's agent (Defendant Bensky,

24

25

26  **ORD ON DEF**
    **LYNCH'S MTNS - 2**

who executed the purchase agreement as attorney-in-fact for all the principals of TBGD) by accepting the benefits of that transaction.  This is sufficient for purposes of establishing personal jurisdiction.

Personal jurisdiction requires that (1) the non-resident defendant must purposefully direct his activity or consummate a transaction with the forum or resident thereof, or purposefully avail himself of the privilege of conducting activities within the forum; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801-02 (9th Cir. 2004).   "Purposeful availment" can be shown by conduct that is both "expressly aimed" at a resident of the forum, and has an effect in the forum.  Myers v. Bennett Law Offices, 238 F.3d 1068, 1072 (9th Cir. 2000).

Lynch, an East Coast resident, argues that he has not "purposefully availed" himself of the privilege of conducting activities within this forum.  However, the activities of Defendant Bensky, acting as Defendant Lynch's agent, can be imputed to him.  Myers, Id. at 1073.  Znetix was a corporation with its headquarters and principal place of business in Washington and was primarily owned and operated by Kevin Lawrence, a Washington resident.  The majority of investors bilked by Lawrence's large-scale corporate fraud were residents of the forum.  The actions of agent/defendant Bensky in tendering the sale of TBGD to Znetix constitutes "availment" for purposes of personal jurisdiction and, as found in Thiry v. Atlantic Monthly Co., 74 Wn.2d 679- 681-82 (1968), the exercise of jurisdiction is proper where the allegedly tortious act causes injury within the state of Washington.  The Court finds that the first two prongs of the personal jurisdiction test are satisfied.

"Reasonableness" in the exercise of personal jurisdiction is determined in the Ninth Circuit through a balancing of seven factors[1], which are examined *infra*:

---

[1] *See* Panavision Internat'l, L.P. v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998), citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985).

1.  The extent of the defendant's purposeful injection into the forum: The Panavision court found significant injection into the forum where defendant registered Panavision's name as an internet domain name and sent a $13,000 demand letter (141 F.3d at 1323).    In the instant case, an allegedly fraudulent conveyance negotiated with a forum resident which results in the transfer of $3.3 million out of the state weights this factor in favor of jurisdiction.

2.  Burden on the defendant of litigating in the forum: Defendant Lynch asserts a significant burden in this regard.  He is a resident of New York and alleges that he is undergoing considerable financial hardship at this time.  This factors weighs against the exercise of jurisdiction.

3.  The extent of conflict the sovereignty of the defendant's state: Both New York and Washington have enacted the Uniform Fraudulent Transfer Act (RCW 19.40.041 and N.Y. Debtor and Creditor Law § 274) and both states adhere to common law formulations of the doctrine of unjust enrichment (compare Bailie Communic's, Ltd. v. Trend Business Sys., Inc., 61 Wn.App. 151, 159-60 (1991) and Tip Top Farms, Inc. v. Dairylea Co-op, Inc., 114 A.D. 2d 12, 31 (N.Y.App.Div. 1985).  There is no conflict with the sovereignty of Defendant Lynch's home state.

4.  The forum state's interest in adjudicating the dispute: "Washington obviously has an interest in providing a forum for its injured citizens."  Hartley v. American Contract Bridge League, 61 Wn.App. 600, 608-09 (1991).

5.  The most efficient judicial resolution of the conflict: Plaintiff represents a aggregation of dissolved Washington corporations and the Court finds that most of the evidence and witnesses are located in this forum.  This factor weighs in favor of the exercise of jurisdiction.

6.    <u>The importance of the forum to the plaintiff's interest in convenient and effective relief</u>:
This factor focuses on the burden to Plaintiff of having to litigate elsewhere, though it
is generally not weighted as heavily as other factors.  <u>Panasonic</u>, 141 F.3d at 1323-24.
The Court finds that Plaintiff could pursue its claims in New York if it was necessary,
and therefore this factor weighs against jurisdiction in this forum.

7.    <u>The existence of an alternative forum</u>: As discussed *supra*, Washington is not the only
forum available to Plaintiff.

Weighing all these factors against one another, it is the finding of this Court that Defendant
Lynch has not made a compelling case against the reasonableness of exercising personal jurisdiction
over him in this forum.  At best, three of the seven factors in the <u>Panasonic</u> test weigh in his favor, and
the Court finds that the exercise of personal jurisdiction over this defendant comports with standards
of both "fair play and substantial justice."  <u>Id.</u> at 1322, *quoting* <u>Burger King</u>, 471 U.S. at 476.

<u>Motion for Protective Order</u>

Defendant Lynch seeks through this motion to be relieved of the requirement that he respond
to Plaintiff's discovery requests while he awaits the Court's ruling on his motion to dismiss.  Having
now ruled on both issues presented by his motion to dismiss and denied the relief  requested, the Court
finds that Defendant Lynch's request for a protective order is moot and on that basis denies the
motion.

**Conclusion**

The exercise of personal jurisdiction over Defendant Lynch is in keeping with established legal
standards and notions of fair play and justice.  He is properly before this Court in this forum and is not
entitled to a protective order relieving him of his obligation to respond to properly-propounded
discovery requests from Plaintiff.  His motion to dismiss and motion for a protective order are
therefore both DENIED.

**ORD ON DEF
LYNCH'S MTNS - 5**

The clerk is directed to provide copies of this order to all counsel of record.

Dated:  March __14_, 2006

Marsha J. Pechman
U.S. District Judge

**ORD ON DEF
LYNCH'S MTNS - 6**