UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GRASSMUECK,

        Plaintiff(s),

  v.

BENSKY, et al.,

        Defendant(s).

NO. C04-2016P

ORDER ON DEFENDANT BENSKY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed:

1. Defendant Jeffrey M. Bensky's Motion for Partial Summary Judgment

2. Plaintiff's Opposition to Motion for Partial Summary Judgment by Jeffrey Bensky

3. Defendant Jeffrey M. Bensky's Reply Memorandum in Support of Motion for Partial Summary Judgment

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is DENIED.

**Standard of Review**

Summary judgment is not warranted if a material fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if. . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). This can be done be either producing evidence negating an essential element of plaintiff's claim, or by

ORD ON MTN FOR
PARTIAL SUMM JMT - 1

showing that plaintiff does not have enough evidence of an essential element to carry its ultimate burden at trial. Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

**Discussion**

Defendant Bensky seeks a partial summary judgment on each of the causes of action propounded by Plaintiff:

Fraudulent Transfer

Here, Defendant seeks to limit his liability to his claimed 74% ownership in the company. His request for summary judgment on this issue fails because there are several disputed issues of material fact, all revolving around the extent to which Defendant controlled the company and its funds and whether the structure of the Purchase Agreement between Defendant's company ("TBGD") and Znetix qualified Defendant as a "transferee." Plaintiff has evidence that (1) the purchase money went directly to Defendant by the terms of the Agreement and he thereafter controlled the distribution to the other members and (2) there was a considerable gap of time between the transfer of the funds and their distribution to the other members during which there were several large-money transactions.

Washington's codification of the Uniform Fraudulent Transfer Act (UFTA) states that "judgment may be entered against. . . the first transferee of the asset or the person for whose benefit the transfer was made..." RCW 19.40.081(b)(2). Even Defendant concedes in his briefing that a transferee may be liable for the entire amount of the transfer. Def Mtn, pp. 4-5. Based on the definition cited by Defendant ("[T]he minimum requirement of status as a 'transferee' is dominion over the money or other asset, the right to put the money to one's own purposes." Bonded Fin.Svcs., Inc. v. European American Bank, 838 F.2 890, 893 (7th Cir. 1988)), there are disputed issues of material fact which could establish Bensky as a transferee – e.g., the fact that the Agreement named him personally as the recipient of the transfer, and the activity in the TBGD account managed by him

ORD ON MTN FOR
PARTIAL SUMM JMT - 2

1  between the time of the transfer from Znetix and final distribution to the other members. Plaintiff
2  Response, pp. 2-4. These material factual disputes are sufficient to defeat summary judgment.

3  Bensky does not dispute that TBGD was his company, the realization of his personal dream
4  and ambition. There are facts adduced by Plaintiff – the financial activity in the TBGD account
5  mentioned *supra* – which taken in the light most favorable to the Receiver tend to establish that, in
6  addition to the funds he personally received, Bensky received a benefit from the infusion of cash into
7  his company; i.e., he was able to use the money to keep the operation afloat for a period of time. A
8  beneficiary of an agreement may be held liable for transferred funds even if it received only the benefit.
9  <u>Resolution Trust Corp. v. Federal Savings and Loan Ins. Corp.</u>, 25 F.3d 1493, 1504 (10th Cir. 1994).
10 There are facts sufficient to suggest that Defendant Bensky received both assets and a benefit from the
11 transfer of funds at issue here.

12 The Court declines to reach Plaintiff's argument that Defendant can be held responsible for the
13 entire amount of the transfer under a "joint and several liability" theory. Although the Agreement does
14 state that "Members shall jointly and several indemnify and hold Buyer and the Company harmless
15 from" damages from various causes (Agreement, §5.2.2, Bensky Decl., Exh. A), joint and several
16 liability is a tort concept, and it is questionable whether Washington law would treat this as the kind of
17 case where joint and several liability would apply. Plaintiff certainly does not cite to any Washington
18 cases in support of their argument.

19 <u>Unjust enrichment</u>

20 Regarding unjust enrichment, Plaintiff must establish the following elements:

21 1. A benefit conferred upon the defendant by the plaintiff;
   2. An appreciation or knowledge by the defendant of the benefit; and
22 3. The acceptance or retention by the defendant of the benefit under such circumstances
      as to make it inequitable for the defendant to retain the benefit.
23

24 <u>Bailie Comunic's Ltd. v. Trend Business Sys., Inc.</u>, 61 Wn.App. 151, 159–60 (Wash.Ct.App. 1991).

25

26 **ORD ON MTN FOR**
   **PARTIAL SUMM JMT - 3**

Again, based on the Court's analysis *supra* regarding the benefits conferred upon Defendant by the transfer, the remaining disputed issues of material fact impact the unjust enrichment claim as well. It is for the trier of fact to determine whether Defendant Bensky received a benefit above and beyond the monetary assets of his share of the sale proceeds. Plaintiff has produced sufficient factual evidence to allow that question to be adjudicated by a jury.

Defendant's attempt to cast this case as a purely contractual dispute and the plaintiff/receiver as nothing more than a stand-in for the companies in receivership (and thereby strictly limited to the remedies available to those companies) is not availing, either. Plaintiff is more than just a surrogate for the failed, fraudulent companies of Kevin Lawrence; he is also acting in a fiduciary capacity for the investors defrauded by the illegal activities of Lawrence and his deceitful business entities. The Court is not prepared on that basis to say that Plaintiff is limited only to the remedies which might have been available to Znetix had they alleged that TBGD was not worth what they paid for it.

**Conclusion**

Disputed issues of material fact remain concerning Defendant Bensky's control of the purchase funds and the benefit he received from the transaction. These issues affect both Plaintiff's fraudulent transfer and unjust enrichment claims and on that basis Defendant is not entitled to the summary judgment he seeks. The motion will be DENIED.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: April _4___, 2006

_____
Marsha J. Pechman
U.S. District Judge

ORD ON MTN FOR
PARTIAL SUMM JMT - 4